NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1418

DONNA M. TUCKER;
TROY TUCKER

v.

BRISTOL-MYERS SQUIBB;
BRENDA MARTINI WAKIN;
BRIAN LINSEY;
FRANK BIVIANO

*MERCK & CO INC,

Appellant

*Pursuant to FRAP 12(a)

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 01-4152
District Judge: The Honorable Charles R. Weiner

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2005

---

Before: NYGAARD[*], SMITH, and FISHER, *Circuit Judges*

(Filed: July 18, 2005)

---

[*]Honorable Richard L. Nygaard assumed senior status on July 9, 2005.

OPINION

SMITH, *Circuit Judge.*

Merck & Co., Inc., a non-party in this employment discrimination action, appeals the February 10, 2004, denial of its motion to quash three civil subpoenas issued by the District Court in this matter and directed at Merck officials.   For the reasons stated below, we will reverse the District Court's order, which Judge Weiner entered "out of an abundance of caution," and remand with directions to enter an order granting the motion.

The Tuckers sought the subpoenas of Merck's Employee Benefits, Employee Services, and Payroll Managers to establish Donna Tucker's employment status with Merck during the period from December 1, 2000, to June 1, 2001.  The information sought would presumably cast doubt on Bristol-Meyers Squibb Co.'s (BMS) asserted reason for terminating Ms. Tucker, i.e.,  that she was simultaneously employed by both pharmaceutical companies in violation of BMS's conflict of interest policy.

The District Court had jurisdiction under 28 U.S.C. § 1331.  Insofar as the subpoenas were directed at company officials and not Merck itself, the District Court's order was final as to Merck.  Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.  *See In re: Matter of Grand Jury Applicants*, 619 F.2d 1022, 1025-26 (3d Cir. 1980).

Merck argues that the issue of Ms. Tucker's employment with the company was decided in the Tuckers' earlier litigation against Merck.  Therefore, Merck continues, the

subpoenas should be quashed according to the issue preclusion doctrine.

Federal preclusion principles apply when a court exercising federal question jurisdiction examines the preclusive effect of an earlier diversity judgment. *In re: Kaplan*, 143 F.3d 807, 814-15 (3d Cir. 1998) (citing *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). Under federal common law, the elements of issue preclusion are: (1) identity of issues; (2) a final judgment on the merits; (3) identity (or privity) of parties; and (4) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue. *Delaware River Port Auth. v. Fraternal Order of Police, Penn-Jersey Lodge 30*, 290 F.3d 567, 573 n.10 (3d Cir. 2002).

The Tuckers did not file a brief in this Court, but in a November 18, 2003 letter to District Judge Weiner, they conceded that the first three elements of issue preclusion were met. The Tuckers argued, however, that they did not have a full and fair opportunity to litigate the merits of the issue because the District Court in the Merck litigation did not allow the deposing of these same Merck managers, a decision that is currently on appeal to this Court.[**]

The context of the District Court's discussion of Ms. Tucker's employment with Merck was its analysis of Merck's asserted truth defense to the Tuckers' defamation claim. The Tuckers claimed Merck defamed Ms. Tucker by alerting BMS that she was working for the two companies simultaneously. Thus, the issue of Ms. Tucker's

---

[**] The Tuckers also asserted that issue preclusion did not apply because the grant of summary judgment for Merck is currently on appeal to this Court. However, a pending appeal does not vitiate the preclusive effect of a trial court judgment. *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1066 n.6 (3d Cir. 1991).

employment period with Merck was central to the analysis.

As Chief Judge Giles recounted in minute detail, under the common law agency test, and applying the totality of the circumstances, the evidence in the record before the District Court indicated that Ms. Tucker was a Merck employee from March 1, 2001 until her termination on April 25, 2001. *See Donna M. Tucker and Troy Tucker v. Merck & Co., Inc.,* No. 02-2421, slip op. at 3-6, 11-17 (E.D. Pa., May 2, 2003). She was paid by Merck as of March 1; she attended a Merck management training program from March 5-9, at which proprietary information was discussed; in March, she appeared on the company rolls and attended at least one company event; and at least from early April, she performed the tasks of a Merck District Business Manager, including attending a multi-day managerial meeting and, on April 9, reprimanding a subordinate.

Because the Tuckers had a full and fair opportunity to litigate the issue of the timing and duration of Ms. Tucker's employment with Merck, the subpoenas directed to Merck's Employee Benefits, Employee Services, and Payroll Managers should be quashed pursuant to the issue preclusion doctrine, all the elements of which were met.

Though we appreciate the "abundance of caution" exercised by Judge Weiner in denying the motion to quash, we believe that it was unwarranted in this instance, and thus the February 10, 2004 order must be reversed.

4